TRUAX, J.   The action was brought to recover three months' rent, under the lease made by the plaintiff as lessor to the defendant as lessee.   The lease is under seal, and is dated January 25, 1904, and is for the term of one year and three months.   The lease contains the provision:

"That, in case of default of any of the covenants, the landlord may resume possession of the premises, and relet the same for the remainder of the term at the best rent he can obtain for and on account of the tenant, who shall make good any deficiency."

It also contained a provision that:

"Two months' notice shall be given by either party before the expiration. of the lease, and that in case such notice was not given, the lease shall be renewed for one year at the same terms, and the same for each subsequent year."

The defendant vacated the premises on or about the 1st day of May, 1905.   It is conceded that no written notice was given by him of his intention to vacate the premises.   He claims, however, that he notified the plaintiff of his intention to move on the 1st day of May, and that the plaintiff said "All right," and that subsequently he delivered the key of the apartments to the plaintiff, or some one connected with the plaintiff.

I am of the opinion that the evidence did not warrant the justice in finding that the plaintiff accepted a surrender of the apartment before the expiration of the lease.   The defendant's testimony is altogether too vague and uncertain.   He does not know whether he gave the key to the plaintiff, or whether he gave it to the elevator boy, or whether he left it in the office.   He does not know when the plaintiff said he would accept the surrender of the lease.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.

---

(50 Misc. Rep. 631)

#### STEWART v. NEW YORK CITY RY. CO. et al.

#### (Supreme Court, Appellate Term.   April 24, 1906.)

COURTS—TIME FOR RENDITION OF JUDGMENT—JURISDICTION.
    Where at the close of a trial in the Municipal Court it was stipulated that briefs were to be submitted by January 15th, and that the time for decision should run from January 15th, the court was without jurisdiction to render judgment on January 31st.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by James E. Stewart against the New York City Railway Company and another.   From a judgment of the Municipal Court of the city of New York in favor of plaintiff, defendant the New York City Railway Company appeals.   Reversed, with costs.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

William E. Weaver, for appellant.
Frank A. Acer, for respondent.

PER CURIAM. At the close of the case it was stipulated upon the record that briefs were to be submitted by January 15, 1906, "and the court's time for decision to begin to run from that date." The judgment should therefore have been rendered on or before January 29, 1906. It was not rendered until January 31, 1906. The court therefore lost jurisdiction of the cause, and the judgment must be reversed. Moscowitz v. N. Y. City Ry. Co. (Sup.) 91 N. Y. Supp. 352; A. M. Eisenberg Co. v. Janzlik (Sup.) 92 N. Y. Supp. 247.

Judgment reversed, with costs.